Dennis P. Conner
Gregory G. Pinski
CONNER & PINSKI, PLLP
P.O. Box 3028
520 Third Avenue North
Great Falls, MT 59403-3028
Telephone: (406) 727-3550
Facsimile: (406) 727-1640
dennisconner@csplawfirm.com
gregorypinski@csplawfirm.com

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
HELENA DIVISION

―――――――――――――――――――――x
JOHN RAEMAEKER and          :
KAREN RAEMAEKER,            :   Case No. _____
                            :
            Plaintiffs,     :
                            :   **COMPLAINT**
- against -                 :
                            :
UNITED STATES OF AMERICA,   :
                            :
            Defendant.      :
                            :
―――――――――――――――――――――x

Plaintiffs allege:

1.  Plaintiffs John Raemaeker and Karen Raemaeker are husband and wife and at all times after mentioned were and now are citizens of the United States, residents and domiciled at 1700 Second Avenue South, Great Falls, Montana 59405.

2. Plaintiffs have made federal tort claims that were submitted on June 2, 2009, copies of which are attached hereto as Exhibits A and B.

3. On January 21, 2011, the Department of Veterans Affairs issued a letter denying the claims, a copy of which is attached hereto as Exhibit C.

4. This Court has jurisdiction pursuant to § 28 U.S.C. 1346(b).

5. Venue is proper in the Helena Division pursuant to § 28 U.S.C. 1402(b) because the acts complained of occurred at the Fort Harrison Veterans Administration Hospital in Helena, Montana.

6. Defendant the United States of America, through its employees and through the Veterans' Administration, a Federal Agency, at all times after mentioned, did, and now does, operate a hospital known as Fort Harrison located at 1900 Williams Street, Helena, Montana.

7. On January 16, 2007, Plaintiff John Raemaeker, a United States Army veteran, underwent an esophagogastroduodenoscopy (EGD) with empiric dilation of Schatski's ring at Fort Harrison. The procedure was performed by the Defendant United States of America, through its employees including Dr. Michael R. Evans, a general surgeon. During this procedure, Dr. Evans found a typical Schatski's ring which was photographed. He decided to empirically dilate the Schatski's ring under visualization with a #54 Balloon dilator. Following this

procedure, Mr. Raemaeker returned to Dr. Evans and complained of dysphagia. Dr. Evans scheduled another dilation to be done on May 15, 2008.

8. Before the May 15, 2008 procedure, the Defendant United States of America, through its employees including Dr. Evans, never discussed with Mr. Raemaeker about whether to proceed with dilation if, during the preceding EGD, the esophagus was found to be normal and without strictures; nor did Defendant United States of America, through its employees including Dr. Evans, obtain Mr. Raemaeker's informed consent to proceed with the procedure.

9. On May 15, 2008, Mr. Raemaeker underwent non-emergency routine outpatient surgery, an EGD with empiric dilation performed by Defendant United States of America, through its employees including Dr. Evans, at Fort Harrison. Dr. Evans, an employee of Defendant United States of America, performed the procedure. The United States of America, acting through its above-named agency, and the above named Dr. Evans, whose acts are described herein, is responsible under the Federal Tort Claims Act, for the negligence of its agents in rendering medical services to veterans, including Mr. Raemaeker.

10. During the May 15, 2008 procedure, Dr. Evans easily introduced the gastroscope into Mr. Raemaeker's esophagus, which Dr. Evans found to be entirely normal. No Schatski's ring was identified. Although the esophagus appeared entirely normal and no stricture or Schatski's ring were observed, Dr.

Evans went on to attempt to pass a large #50 Savory dilator over guidewire through Mr. Raemaeker's esophagus without visualization. Dr. Evans met resistance at about 30 cm and Mr. Raemaeker started having chest pains and bradycardia, so the procedure was aborted.

11.     Shortly after the surgery, Mr. Raemaeker expressed that he did not feel well. He was given jello and juice and immediately upon ingestion, he reported extreme pain and difficulty breathing. Dr. Evans expressed to Mr. Raemaeker's wife that he may have a small esophageal tear that would most likely heal on its own. Subsequently, a CT scan and barium swallow test were done which showed a significant esophageal tear. Within hours, Mr. Raemaeker was airlifted to Great Falls and underwent emergency surgery at Benefis Hospital, a left thoracotomy with repair of the esophageal perforation with intercostal muscle flap. Dr. Dinesh Bhaskaran performed the surgery. During the repair surgery, Dr. Bhaskaran noted a 5 cm tear in Mr. Raemaeker's distal esophagus.

12.     Approximately ten days later, Mr. Raemaeker required an additional surgery for loculated empyema and to repair the intercostal muscles flap patch which had completely dihiscenced. Dr. Brett Williams performed this procedure which was designated as a reoperative thoracotomy with decertification of the lung, parietal plueurectomy, and repair of esophageal dehiscence.

13. The Defendant, the United States of America, through its employees, was negligent and careless in the following particulars, among others, with respect to the May 15, 2008 procedure:

(a) In failing to obtain informed consent of Mr. Raemaeker;

(b) In proceeding with the dilation despite the fact that Mr. Raemaeker's esophagus was normal and had no strictures;

(c) In injuring and perforating Mr. Raemaeker's esophagus.

14. As a result of the negligent and careless acts and without any contributory negligence on the part of Mr. Raemaeker:

(a) Mr. Raemaeker almost died and was compelled to undergo additional major operations and weeks of hospitalization and critical care;

(b) Mr. Raemaeker became septic which resulted in permanent injuries and scarring;

(c) Mr. Raemaeker sustained and incurred medical bills in excess of $345,072.50 and likely will expend considerable sums of money for future medical and life care;

(d) Mr. Raemaeker has endured, great physical and mental pain, suffering, fright, fear, shock and agony for past injuries and in the future will have to endure the same for injuries that continue to this date and are permanent in nature;

(e) Mr. Raemaeker has suffered loss of earnings and earning capacity;

(f) Mr. Raemaeker has suffered loss and destruction of established course of life and loss of enjoyment of life; and

(g) Mr. Raemaeker has been otherwise damaged in a manner entitling him to compensation under the Federal Tort Claims Act.

All of the aforementioned damaged Mr. Raemaeker in the amount of $5,000,000.00.

15. As a result of the negligent and careless acts and without any contributory negligence on the part of Plaintiffs, Mrs. Raemaeker's husband became septic and almost died, necessitating life care, much of which is being provided by Mrs. Raemaeker who, as a direct, legal, and proximate result of her husband's devastating and life-changing injuries, has lost her husband's consortium, companionship and support, all to her general damage in the sum of $500,000.00.

Wherefore, Plaintiffs demand judgment against the Defendant in the sum of $5,500,000.00, besides the costs and disbursements of this action.

Dated: March 17, 2011.

CONNER & PINSKI, PLLP

/s/ Dennis P. Conner

_____
Dennis P. Conner
P.O. Box 3028
520 Third Avenue North
Great Falls, MT 59403-3028
Telephone: (406) 727-3550
Facsimile: (406) 727-1640
dennisconner@csplawfirm.com